May Term,
1860.

ANDREWS
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

---

ANDREWS *v.* THE OHIO AND MISSISSIPPI RAILROAD COMPANY.

A commissioner in a foreign state, appointed under the statute of 1852, is authorized to administer oaths, and certify affidavits.

Where a notary public in a foreign state has, by the state law, authority to take and certify affidavits, § 281, 2 R. S. p. 91, makes such certificate presumtive evidence in this state.

A judgment will not be reversed for a refusal to strike out immaterial matter.

Section 284, 2 R. S. p. 93, lays down a general rule as to what shall be deemed competent evidence of the acts and proceedings of corporations, and what the force thereof, without reference to the place where the evidence may have been taken.

Where the charter of a corporation limited the amount that should be called for upon a subscription of stock to 15 per cent. per annum, and 10 per cent. had been paid, a call was *held* to be sufficiently explicit without specifying a place of payment or the per cent. to be paid—time and place being fixed by the notice.

May Term,
1860.

ANDREWS
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

Publication of notice of calls for installments of stock may be proved by the affidavit of the book-keeper in the employ of the publisher of the newspaper in which it was made.

Such notice is sufficient if published once, sixty days before the time fixed for payment.

False representations of an agent of a railroad company soliciting stock, that the persons undertaking to construct and equip the road were able to complete it without any advance from the company out of their own resources, are no defense in an action upon a subscription.

The testimony of a witness that, from his knowledge of the country, a railroad could have been built cheaper upon one route than another, is too vague to influence a jury.

In a suit upon a subscription of stock, the circumstances connected with the payments, and the amount called for, and the amount paid, are proper evidence as to the application of, or intention to apply, the money paid; and the attorney of the defendant may be compelled to testify as to the contents of receipts in his possession, or the defendant may be compelled to produce them.

*Wednesday,*
*May 30.*

APPEAL from the *Jefferson* Circuit Court.

HANNA, J.—Suit for two installments of a stock subscription. Verdict and judgment for the plaintiffs below.

A great number of points were reserved and made for the consideration of this Court.

First. Interrogatories were filed with the answer, and an order obtained, that, the president and secretary of the company should answer the same under oath; and it is objected that the affidavits to such answer are not properly authenticated; nor was the oath administered by a person authorized, &c.

The affidavit of the president was made before, and certified by, a commissioner, in the city and state of *New York*, appointed under the 1 R. S. p. 231; and the case of *Draper* v. *Williams*, 8 Blackf. 574, is relied upon to sustain the objection. That case was decided under the R. S. of 1843, p. 200, which was not the same as the one now in force. Proof of identity is not now necessary.

The affidavit of the secretary was made before a notary public, in *Cincinnati*; and it is insisted that such officer was not authorized, &c. To this it is answered that § 281, p. 91, and § 289, p. 95, 2 R. S. do not conflict; but that the first should govern as to this authentication, as well as in reference to the power to take, &c. This point it is not

necessary to decide, because, in our opinion, the statute of *Ohio*, introduced on the trial, sufficiently showed that, in that state, the officer named had authority to take and certify the affidavit, and § 281 then makes such certificate presumptive evidence in this state.

The Court overruled a motion to strike out a part of the answers of the interrogatories. This raises the second point.

The question was as to the cost of the construction of the road. The answers, after stating cost, gave the reasons for the increase over the amount contemplated, &c. The ground of the motion was, as to the latter part, first, that it was mere opinion; second, that it was not relative matter in avoidance. 2 R. S. p. 97.

Perhaps the parts of the answers pointed out, were subject to the objections named; but as the statutes were immeterial and could not, as we can see, influence the decision, the judgment should not be reversed in consequence of the refusal to strike out.

Upon the trial the plaintiffs offered in evidence a copy of the record of the acts of the corporation, in ordering calls, &c. Annexed was an affidavit under 2 R. S. § 284, p. 93.

It is insisted that this statute has reference only to corporations having their principal office and place of business in *Indiana*. We do not think so. The statute is general; lays down a rule as to evidence that shall be received and the force thereof, without reference to the place where the evidence may have been taken.

It is further said that in the action of the board on call number nine, no place, or per cent. of payment, was fixed. To this it is answered, by the opposite party, that the charter limited the amount that could be demanded *per annum* to fifteen per cent.; that ten had already been called; that in the notice, and not the call, by the charter, it is required that the amount, time, and place of payment should be specified. We think, under the circumstances, the call was sufficiently explicit.

The plaintiffs, to prove notice of said calls, introduced

May Term,
1830.

ANDREWS
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD Co.

copies thereof, and the affidavit of one styling himself a clerk or book-keeper in the office of the newspaper in which the publication was stated to have been made. Two objections were made, which we will notice. First, that the charter authorized calls by giving sixty days' notice in some newspaper, &c.; that this was inserted but a single time, whereas it should have been continuously, &c. Second, if the publication was proper, the proof thereof was insufficient, because it could not be made by affidavit. As to the latter objection, the statute, 2 R. S. § 287, p. 94, provides as to the proof of advertisements in certain cases, and *Unthank* v. *The Henry, &c., Turnpike Company*, 6 Ind. R. 125, seems to recognize the same mode of proof as sufficient in giving notice of calls for installments, &c. As to the former objection, the charter requires sixty days' notice, and not sixty successive days' notice by publication. Was the notice proved sufficient? We are of opinion it was. The notice was not required to be published in different numbers or issues of a newspaper. The notice began to operate from the time it was given. It was not by the statute required to be renewed, as in some other instances. Other objections were made as to the introduction of evidence, which makes it necessary to notice the issues.

The complaint embodied the subscription, and averred that calls had been made, notices given, and a failure to pay, &c.

Answer, first, a general denial; second, payment; third, that the subscription was obtained by fraud in the agent representing that the road would be constructed, under a contract then made with responsible and solvent contractors, for 9,000,000 dollars; that *Ripley* and *Jennings* counties had each subscribed 50,000 dollars, &c.; that said representations were false, &c.; fourth, counter-claim.

Reply in denial.

On the trial the defendant offered to prove that the soliciting agent of the company represented to the defendants that the persons having the contract to construct and equip the road, were able to complete the same, without any advance from the road, out of their own resources, and that

such representations were false. The evidence was pro-
perly rejected. It did not directly fall within the issues,
and if it had, would, perhaps, have been immaterial. We
cannot see how either the truth or falsity of such statement
should have influenced the action of the defendant in sub-
scribing.

A witness, in answer to a question directed to that point, was permitted to state, that from his knowledge of the country, the road could be built cheaper upon one route surveyed than another. He was not an engineer. It is insisted that this is the expression of an opinion by one not an expert. Whether it was such an expression or not, we need not stop to decide, for two reasons: first, if such an expression, it was in such a vague form as to have had no influence with the jury; and, second, it was a statement upon a matter that was not legitimately involved in the issues being then tried.

It was proved by the answers to interrogatories, that the defendant had paid 140 dollars; to show the application of these payments, the plaintiffs were permitted to give in evidence certain calls, other than those sued on, although those calls were made, and were for installments due, before the subscription in this case; and was, also, permitted, in the same connection, and for the same purpose, to examine one of the counsel for the defendant, as to the contents of receipts given for payments made. Notice was given during the trial to said attorney to produce the receipts, which he refused to do; and objected to testifying as to the contents, on the ground that any and all information he had in relation thereto, was derived from the receipts, placed in his hands as attorney in the case.

The circumstances connected with the payments, were proper evidence to go to the jury, upon the question of the application, or intention to apply, the money so paid.

The amount of the installments called for, and the amount paid, were proper items of evidence to go to the jury upon that question.

The notice to the attorney was sufficient, he having stated that he had the receipts then in his possession. As

May Term,
1860.

to whether he could be compelled to testify as to the contents, we are of opinion that he could.   The party himself might have been compelled, under the statute, to produce the receipts on the trial.   He could not defeat the production of that evidence by passing it into the hands of his attorney. He could still have been compelled to produce it.   The attorney stood in no more secure position.

Voluminous instructions were given and refused.   We have carefully examined them, and come to the conclusion that the rulings of the Court in reference thereto were, taken all together, correct.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*H. W. Harrington*, for the apppellant.

*S. Judah*, for the appellees.

