## Dynes *v.* Shaffer and Others.

If a person desires to avoid a subscription to the capital stock of a railroad company, on the ground of fraudulent representations made by the soliciting agent of the company, to induce him to subscribe, and he suffers an unreasonable period of time to elapse before he asserts his right to such relief, [seven years in this case,] he should show a sufficient excuse for his failure to act at an earlier date, or the legal presumption will be against his right to set up said defense at all.

APPEAL from the *Delaware* Circuit Court.

HANNA, J.—Suit to recover forty-five acres of land, by *Dynes*, the remote vendee of the *Cincinnati, Newcastle, and Michigan Railroad Company*, against *Shaffer*, the vendor of said company. The pleadings are spun out to an unreasonable volume, being, together with the exhibits and orders thereon, some ninety pages of record. The prolixity and multifariousness is carried to such an unwarrantable extent,

that we do not feel it our duty to search out the various minute points, half smothered in sounding repetitions, but shall direct our attention to the points which, to us, appear substantial.

The land was transferred to the company upon the solicitation of said *Dynes*, as agent thereof, for twenty shares of the capital stock thereof, the vendor remaining in possession. It was afterward transferred to one *Lupton*, and by him to the plaintiff.

The first question is: Whether certain representations, alleged to have been made by said *Dynes*, were sufficient to avoid said subscription of stock, etc., for fraud?

These representations were, that a sufficient amount was subscribed, and ample means possessed, to build the road; that it would be built in two years; that certain influential persons of said county, naming them, had subscribed large, designated, amounts; that said representations were fraudulent and false, and known to be so by the said *Dynes;* that *Shaffer*, believing and relying upon said representations, transferred, etc., and received a certificate of stock, etc., for one thousand dollars; but that the same is wholly worthless. Then follow averments, in an affirmative form, showing the falsity of the several representations, and that the road was not completed in two years, but the project of building the same had been, etc., wholly abandoned by the company, of all which plaintiff had notice.

A demurrer was overruled to this answer. Several objections are made to this ruling: 1. The stock certificate was not returned, nor offer made to that effect. 2. Too great a length of time had been suffered to elapse — some seven years. 3. It is not averred that *Dynes* had any authority to make the representations, etc. 4. The representations are not sufficient, etc.

It has been held, that the general and false representations of a solicitor of stock as to the means of the company and

the time within which the road would be completed, are not sufficient to avoid a subscription of stock, etc. *Andrews* v. *Ohio, etc.,* 14 Ind. 169. *Hardy* v. *Merriweather, Id.* 205. Whether the representations as to persons, etc., who may have subscribed, was sufficient to have the effect to avoid, etc., we shall not pause to inquire; nor as to the power of the solicitor of stock to bind the company without any special authority to that effect, for the reason that the answer is bad for not showing at what time the fraud, if it was such, which had been perpetrated upon him, was discovered by the defendant? As something near seven years had intervened between the point of time when the land was transferred and that at which the suit was instituted, and during which no steps, so far as the record shows, were taken by the defendant to set aside the conveyance, and no excuse shown for such delay, we are of opinion the presumption would then be against his right to set up said facts, unless some excuse could be shown for the failure to act at an earlier date. *Barton* v. *Simmons,* 14 Ind. 49.

Another paragraph of the answer was similar to the one above noticed, except that it averred that several leading and influential persons, naming them, had fraudulently and corruptly combined, etc., with some of the officers and agents of said company, and agreed that they would, on a separate paper, pretend to subscribe, etc., but that the same should not be entered on the stock book, nor bind them, but that it should be proclaimed and given out to the public that they had each subscribed from two to ten thousand dollars, etc., so as, thereby, to deceive the ignorant and unwary into the belief that said road would be built, and induce such persons to subscribe; that defendant, believing and relying, etc., did subscribe. Averments of the falsehood of, etc.

Demurrer overruled. The same objections are urged to this as to the preceding; and, also, that such an agreement

as that averred to have been made would have been binding upon the persons named.

The reasons which induce us to hold the former paragraph bad, are as cogent in forcing a conclusion in reference to this.

Another paragraph set up, in addition, that on the 12th of April, 1853, said railroad company was organized under the general railroad law; that on the 6th day of October, 1853, *Shaffer* conveyed said land to said company, and received said certificate of stock; that instead of completing said road, said company made a compact, etc., with the *Richmond, Newcastle, and Logansport Railroad Company*, whereby they were consolidated, etc., into one company, by the name of the *Cincinnati and Chicago Railroad Company*, without the consent of defendant, and said certificate of stock rendered wholly worthless, etc.

Demurrer overruled.

The same objections are urged to this that are to the first, and also, that by the act of February 23, 1853, authority to consolidate was conferred upon the said company, and if not by that act alone, that certainly said act, and the explanatory one of March 4, 1853, conferred that power. Acts 1853, pp. 105 and 107. Taking the two acts together, we are of opinion that, under the circumstances set forth, the authority to consolidate existed, and the defendant can not complain of its exercise. Sedg. on Const. and Stat. Law, p. 252. *Noble et al.* v. *Enos et al.*, at this term.

As the answers were thus insufficient, we have not examined the questions on the replies.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*Walter March*, for the appellant.

*David Nation* and *Clark M. Anthony*, for the appellees.