Cornelius Voorhis, Plaintiff in Error, *v.* Smith, Beggs & Company's Manufacturing Works, Defendant in Error.

**November 8, 1881.**

A misrepresentation of the seller as to a matter not the subject of the sale, affords no ground for a rescission by the buyer.

Error to the St. Louis Circuit Court, Boyle, J. *Affirmed.*

GIVEN CAMPBELL, for the plaintiff in error.

LEE & CHANDLER, for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

When this cause was called for trial in the circuit court the learned judge refused to permit the plaintiff to introduce evidence in support of the petition, on the ground that it stated no cause of action. The propriety of this ruling is the only question we have to consider in this case. The petition is as follows: "Plaintiff states that the defendant is a body corporate duly incorporated under the laws of this state; that plaintiff, being unskilled and unacquainted with the manufacture of bricks by machinery, and unacquainted with the merits and capacity and usefulness of the different machines for manufacturing bricks, but desirous of manufacturing brick by means of a certain patent brick machine, known and called the Clark patent, described in letters patent issued by the Patent Office of the United States, No. 125,272, and desirous of true and correct information in relation to the character, usefulness, and merit and capacity of said Clark's patent machine, applied to the defendant, whose officers were men acquainted with the merits, capacity, and usefulness of said Clark Patent Brick Machine, and who were well skilled and informed in all matters pertaining to the construction and use of such machines, and who held themselves out to the world as experts in such matters, being manufacturers of brick machines, and asked the officers and agents of defendant for their knowledge and information in relation to said machine, and whether they could and would construct for plaintiff a machine after the said Clark patent, which would be useful and valuable in the manufacture of brick; that thereupon the defendant, by its officers and agents, did state and represent to plaintiff that the defendant could and would, in a reasonable time, build such a machine for him, and

represented to him that the same should mould and turn out fifty thousand tempered brick per day, and should be equal to, if not superior to, any brick machine ever constructed or used in the city of St. Louis ; that plaintiff, being unskilled in such matters, which required practical and mechanical knowledge to a correct understanding of the merits of such machine, of which knowledge plaintiff was not in any manner possessed, relying wholly upon the representations of defendant, informed defendant that he would, in a reasonable time, contract with it to build for him such machine at the price and sum stated by defendant to be its cost, to wit, $6,000. And thereupon the defendant, by its officers and agents, represented to plaintiff that he would need an engine and boiler to run the said machine, and that they had a second-hand engine and boiler which would suit plaintiff's purpose, and that he had better secure the same while he had an opportunity, and exhibited said engine and boiler to him ; and thereupon they induced him to contract for the purchase of the same upon the following terms, to-wit : the price of the same to be $3,000, plaintiff to pay down $400, and said engine and boiler to be delivered upon the payment of the balance of said price at any time during six months from the twenty-third day of October, 1875 ; but if the said engine and boiler were not taken by plaintiff within said six months, he was to forfeit all right and title to the said $400 paid on account ; that, accordingly, relying wholly upon the representations of defendant as aforesaid as to the value of said machine and as to its performances, and as to the necessity of an engine and boiler to run it as aforesaid represented, the plaintiff did pay the said $400 to defendant as a part payment upon said engine and boiler for the uses aforesaid ; that shortly after, defendant by its officers and duly authorized agents, acting for and on behalf of defendant, came to plaintiff and informed him that the representations formerly made by the defendant's

agents for defendant, in relation to its ability and power to build a machine after said Clark's patent for plaintiff, was untrue, and they then represented and informed plaintiff that they could not build a machine after said patent, which would be of any value or use, or which would perform successfully.

" That thereupon plaintiff, who had paid the said $400 to defendants as aforesaid, solely upon the faith of the representations of defendant, as aforesaid, in relation to the said brick machine, when he ascertained that said representations were not true, refused to carry out the contract for the purchase of said engine and boiler, and demanded of defendant the return to him of the said $400 on or about the twenty-second day of May, 1878, the consideration for the payment of which had thus failed, as aforesaid ; and defendant refused to return said $400 to him, or any part thereof ; that thereupon an action for money had and received accrued to plaintiff for the payment of said $400 ; that defendant has never paid the same nor any part thereof, but is justly indebted to plaintiff in the sum of $400 as aforesaid, with interest from the twenty-second day of May, 1878. Wherefore plaintiff prays judgment against the defendant for said sum of $400, interest and cost."

It is so obvious that the ruling of the circuit court was correct that it scarcely seems necessary to state any reasons. for this conclusion. The theory advanced by the plaintiff's counsel is, that the defendant has inequitably obtained $400 from the plaintiff, and that the law raises a duty to repay it. This is a suit in the nature of an action at law for money had and received by the defendant to the plaintiff's use, which action is equitable in its nature. We suppose that, under our system of pleading, in which legal and equitable demands are prosecuted in the same form of action, the plaintiff is entitled to give evidence in support of his petition, if it sets forth facts sufficient to entitle him to recover the money sued for, either in a court of law or

in a court of equity. If it does not state facts which would
entitle him to recover in a court of equity, then, for stronger
reasons, it would not support a recovery in a court of law.

Let us consider, then, whether a court of equity would
grant relief upon the facts stated in this petition. In order
to simplify the question, let us suppose that the plaintiff had
brought a bill in equity to rescind a contract and had stated
no more than the facts which he here states. It is clear that
no court of equity would entertain such a bill. The ordi-
nary grounds upon which courts of equity rescind contracts
are fraud or mistake. Is any fraud alleged in this petition?
Clearly not. The statements in the petition are perfectly
consistent with the fact that the officers of the defendant
corporation when they represented to the plaintiff that the
corporation could and would in a reasonable time build a
brick machine for him which would turn out fifty thousand
tempered brick per day, and which would be equal, if not
superior, to any brick machine ever constructed or used in
the city of St. Louis, acted in entire good faith, believing
themselves that they could do so. Moreover, the repre-
sentation was not a representation of a matter of fact, but
only a statement of a matter of opinion or belief, and not
as to an existing fact, but about something *in futuro;* and
it is well settled — and we think the kernel of the case lies
right in this proposition — that a misrepresentation as to a
matter of opinion or belief, or a mere promissory statement
as to something to be done, or to happen in the future,.
affords no ground in equity for the rescission of a contract.
*Tuck* v. *Downing,* 76 Ill. 71; *Sawyer* v. *Prickett,* 19·
Wall. 146, 163; *Jorden* v. *Money,* 5 H. L. Cas. 185, 214,
215; *Citizens' Bank* v. *Bank,* L. R. 6 H. L. 352, 360;·
*Brownlee* v. *Railroad Co.,* 18 Ind. 68; *Hardy* v. *Merri-*
*weather,* 14 Ind. 203; *Parker* v. *Thomas,* 19 Ind. 213;
*Vawter* v. *Railroad Co.,* 14 Ind. 174; *Walker* v. *Railroad*
*Co.,* 34 Miss. 245; *Johnson* v. *Railroad Co.,* 11 Ind. 280,
285; *Andrews* v. *Railroad Co.,* 14 Ind. 169; *Bish* v.

*Bradford*, 17 Ind. 491; *Dynes* v. *Shaffer*, 19 Ind. 165. For stronger reasons, a mutual mistake which will entitle one of two contracting parties to a rescission of a contract must be a mistake as to a matter of fact, and not a mistake as to a matter resting in mere conjecture or belief. This may, perhaps, be illustrated by a case where the prospectus of a proposed corporation stated that a certain invention which it was the object of the company to work, had been tested, and that, according to the experiments, the material could be produced at a certain specified cost, but that it was the intention to test the invention further, and, after some further testing the invention turned out to be worthless, and it was held that this was not such a misrepresentation or mistake as would avoid the contract. *Denton* v. *McNeil*, L. R. 2 Eq. 351. Another case illustrating the same principle is *Salem Mill* v. *Ropes* (9 Pick. 187). See also *Hunter* v. *McLaughlin* (43 Ind. 38). If the plaintiff had actually entered into a contract with the defendant whereby the latter was to manufacture for him a brick machine of a certain kind and capacity, within a certain time, for a certain price, and, on the faith that the defendants would fulfil this contract, the plaintiff had entered into the contract for the purchase of the boiler and engine and paid the $400 earnest money, and then the defendants had broken the former contract, a different question would possibly have been presented. But here the plaintiff was under no obligation to take any brick machine which they might make for him; nor did any consideration pass to the corporation for the making of the representations in question ; nor does it appear that the officers of the corporation were under any duty to make any representations on the subject to the plaintiff on behalf of the corporation.

The judgment of the circuit court is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.