No. 9674.

HIMES ET AL. *v.* LANGLEY.

PLEADING.—*Complaint.*—*Certainty.*—*Demurrer.*—If a complaint, construed according to the fair import of its averments, makes a cause of action, it will resist a demurrer, though it be uncertain.

VENDOR AND PURCHASER.— *Vendor's Lien.*—*Acceptance of Worthless Security.*—*Fraud.*— *Waiver.*—*Diligence.*—The acceptance of worthless securities for the payment of purchase-money, induced by the fraudulent representations of the purchaser, is not a waiver of the vendor's lien for unpaid purchase-money of real estate, but suit must be brought promptly upon discovery of the fraud, if the rights of others may be affected by delay.

SAME.—A vendor's lien may be enforced for a part only of the purchase-money.

SAME.—*Promissory Note.*—When land is exchanged for promissory notes of other persons, which the vendor is induced by fraud to receive in exchange for the land, no price having been fixed for the land, and no credit given for purchase-money, nor any promise by the vendee to make further payments, no right to a vendor's lien exists.

SAME.—*Contract.*—*Rescission.*—*Fraud.*—A suit to rescind a contract for fraud, whereby the plaintiff was induced to receive worthless notes in exchange for real estate, must be brought promptly upon the discovery of their worthlessness, and dealing with the notes afterwards as his own forfeits the right to rescind.

From the Howard Circuit Court.

*J. O'Brien, M. Garrigus* and *C. C. Shirley,* for appellants.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellee.

NIBLACK, J.—Complaint by Silas Langley against William H. McCurdy and Julia A. McCurdy, his wife, and Timothy L. Himes and Lydia Himes, his wife, to enforce a vendor's lien. The action was commenced on the 25th day of February, 1880.

The complaint was in three paragraphs.

The third paragraph was the only one held to be good upon demurrer as against all the defendants.

After issue, and upon a trial by a jury, there was a verdict in favor of the plaintiff, finding that the defendant William H. McCurdy was indebted to him in the sum of $864.85, and that the sum so found to be due ought to be decreed to be a

lien on the real estate described in the complaint. New trial denied, and judgment on the verdict.

The first complaint here upon the proceedings below is, that the court erred in overruling the demurrer to the third paragraph of the complaint.

That paragraph charged that, on the 29th day of December, 1874, the plaintiff sold and conveyed to the defendants William H. McCurdy and Julia A. McCurdy a certain described tract of land in Howard county, containing twenty acres; that the said Julia was then, and still is, the wife of the said William, and that at the request of the said Julia, and with the full knowledge and consent of the said William, the plaintiff executed the deed for said land to him, the said William, who was a mere volunteer, and paid no part of the consideration for which such conveyance was made; that the said Julia, with the consent of the said William, and as a part of the consideration for said land, promised to pay the plaintiff the sum of $333.33 on the 1st day of June, 1877, and the further sum of $333.34 on the 1st day of June, 1878, without relief from valuation laws, and with six per cent. interest after the 1st day of June, 1875; that as evidence of her promise to pay said sum of money, and as security for the payment thereof, the said Julia, in conjunction with the said William, as her husband, by their endorsement in writing, assigned and transferred to the plaintiff two certain promissory notes, both executed by Aegidius Naltner and J. Henry Kappes to the said Julia, and bearing date June 2d, 1874, the first for $333.33, payable on the 1st day of June, 1877, at six per cent. interest after June 1st, 1875; and the second for $333.34, payable on the 1st day of June, 1878, with like interest after June 1st, 1875; that the makers of said promissory notes, on said 29th day of December, 1874, resided in the city of Indianapolis, in this State, and that at the time of the sale and conveyance of the land as above set forth, and previously thereto, the said Julia and the said William represented that both of said promissory notes were

amply secured by mortgage on real estate situate in Marion county, also in this State, where the mortgage was duly recorded; that by reason of such representations, in which he believed and upon which he solely relied, the plaintiff was induced to accept said promissory notes; that said representations were made in the county of Howard, where the plaintiff then resided and still resides; that said notes were never at any time secured by mortgage on real estate or any other property, and that the same were worthless at the time the plaintiff accepted them, as well as at the time of their maturity; that the said Julia and William falsely and fraudulently represented that said promissory notes were secured by mortgage, for the purpose of inducing the plaintiff to accept said notes as security for a portion of the purchase-money of the land so sold and conveyed by him, they, the said Julia and William, well knowing that said notes were not secured by mortgage, and were worthless as security for any portion of said purchase-money; that the plaintiff afterwards learned that said notes were worthless, and he then repudiated, and still repudiates, them as a security for said purchase-money, and has since frequently informed the defendants that he intended to hold the land liable for the payment of the unpaid purchase-money; that the said Julia is the equitable owner of the land, the said William only holding the naked legal title thereto; that the defendants Timothy L. Himes and Lydia Himes claim to own an interest and estate in said land, the nature and extent of which is unknown to the plaintiff, and are now in the possession of the land; that before they acquired any interest in said land, they had notice and actual knowledge of the non-payment of the purchase-money for the same by their co-defendants, and of all the material facts herein above charged; that the said William and Julia were at the time of their purchase of the land, and have ever since continued to be, openly and notoriously insolvent; that the plaintiff now repudiates and rejects said promissory notes and his acceptance thereof as above herein recited, and brings

said notes into court and tenders them to the defendants; that the purchase-money, which said notes were assigned and transferred to the plaintiff to secure, still remains unpaid. Wherefore the plaintiff demanded judgment, and a decree for the sale of the land to satisfy whatever judgment might be rendered in his favor.

The court below might have required the complaint to have been made more specific in its description of the contract of sale by the plaintiff to McCurdy and wife; also as to its averment as to the time at which the alleged worthlessness of the promissory notes accepted by the plaintiff was discovered by him; but the complaint was not bad upon demurrer because of its uncertainty in these respects.

A vendor's lien may be enforced for a part only of the purchase-money. Dart Vendors & Purchasers of Real Estate, p. 351.

It can not be said that the complaint showed any unnecessary delay in bringing this action after the discovery that the notes were worthless, as it did not aver when that discovery was made.

The representation that the notes were secured by a mortgage, which was recorded in another and a distant county, was a material representation, and one on which the plaintiff was, under the circumstances, authorized to rely.

The acceptance of a worthless security by a vendor, induced by the fraudulent representations of the vendee, does not discharge the vendor's lien. 1 Jones Mortgages, sec. 207; 1 Hilliard Mortgages, 697, sec. 40; *Davis* v. *Cox,* 6 Ind. 481; *Haugh* v. *Blythe's Ex'rs,* 20 Ind. 24; *Fouch* v. *Wilson,* 60 Ind. 64 (28 Am. R. 651); *Martin* v. *Cauble,* 72 Ind. 67; *McDole* v. *Purdy,* 23 Iowa, 277; *Felton* v. *Smith,* 84 Ind. 485.

The filing of the notes with the complaint, ostensibly as a part of it, and at the same time purporting to bring the notes into court for the use of the defendants, constituted a somewhat anomalous proceeding, to which motions, either to strike out or to have made more certain, might have been well di-

Himes *et al.* v. Langley.

rected, but the anomaly thus presented was not reached by the demurrer to the complaint.

The notes were not the foundation of this action, in the sense which required them to be filed with the complaint, or which made them a part of the complaint by being filed with it.

Construing the third paragraph of the complaint, however, according to what appears to have been the fair import of its averments, we regard it as having been substantially sufficient upon demurrer.

The evidence showed that the land in controversy was, in the latter part of December, 1874, sold and conveyed by the plaintiff to the defendant William H. McCurdy; that the plaintiff received in exchange, and in consideration therefor, the two notes described in the complaint, which were the separate property of Julia A. McCurdy, and one other similar note in tenor and amount, but due at a date previous to the times at which both the others were respectively payable; that, some time after he became the owner of the notes, the plaintiff endorsed them to his sister Amanda Langley; that, in June following, McCurdy and wife sold and conveyed the land to their co-defendant, Timothy L. Himes, who, in March, 1876, went into possession, and has ever since so continued; that, in the latter part of June, 1875, the plaintiff caused his sister to endorse the notes to a bank in Kokomo as collateral security for money borrowed by him; that this borrowed money was afterwards repaid, and the notes returned to his sister; that the plaintiff afterwards traded the notes to one Miller for a tract of land, which he, the plaintiff, caused to be conveyed to his sister; that afterwards, some dissatisfaction occurring about this trade, Miller returned the two notes mentioned in the complaint to the plaintiff, under whose direction the land was reconveyed to Miller by the sister; that, for some reason not explained, Miller retained and never returned the note first due; that, in the latter part of the year

Himes *et al. v.* Langley.

1877, the plaintiff took a judgment in one of the courts of Marion county against the makers, on the note due in that year.

The plaintiff, after testifying to the representations made by McCurdy and wife as charged in the complaint, stated that in January, 1875, a few weeks after receiving the notes, he became aware that the notes were worthless; that he thereupon immediately notified McCurdy and wife that he repudiated his acceptance of the notes, and would look to his lien on the land for the payment of the purchase-money.

As to these statements, however, and in most other respects, the evidence was quite conflicting.

The next complaint here is that the evidence did not sustain the verdict, and that, consequently, the court erred in refusing to grant a new trial.

We are of the opinion that the verdict was not sustained by the evidence.

There was no evidence tending to show that the land was sold on a credit for a definite sum payable in instalments, and that the notes were transferred to the plaintiff as a mere security for the payment of the purchase-money. Nor was there any evidence tending to prove that the land was sold for any fixed price, or was of any estimated or specific value. Nor was anything testified to, or seemingly otherwise established, from which any difference between the value of the land and the value of the notes could have been inferred, or from which any specified sum in damages could have been fairly estimated.

As the evidence went to the jury, we are left in doubt as to whether the plaintiff was seeking only a partial rescission of his contract for the sale of the land, or to recover damages simply for the alleged fraud and deceit practiced upon him.

The case made by the complaint was, however, more in the nature of a rescission of the contract for the sale of the land than for the enforcement of a vendor's lien, and nothing was offered in explanation of the delay in bringing this suit.

It is a well recognized rule, that actions of the class to which

this belongs must be brought with reasonable promptitude, after the discovery of the fraud complained of, and this is especially the case where the rights of third parties are likely to be injuriously affected by any want of promptitude in that respect. Relief is granted in such cases to the vigilant, and not to the negligent. *Patten* v. *Stewart,* 24 Ind. 332.

After a party has become aware of his right to rescind a contract for fraud, he can not continue to claim property acquired under the contract, as his own, and to exercise acts of ownership over it, without forfeiting his right of rescission. Bigelow Fraud, p. 441 ; *Barton* v. *Simmons,* 14 Ind. 49 ; *Dynes* v. *Shaffer,* 19 Ind. 165 ; *Sieveking* v. *Litzler,* 31 Ind. 13 ; *Stedman* v. *Boone,* 49 Ind. 469 ; *Krutz* v. *Craig,* 53 Ind. 561 ; *Moon* v. *Baum,* 58 Ind. 194.

Waiving, therefore, the further discussion of all other questions suggested by the evidence, we feel constrained to hold that the plaintiff, by the uses to which he put the notes, after he claims to have discovered that they were worthless, and his consequent long delay in commencing this action, forfeited all claim to the relief to which the averments of his complaint would seem to have entitled him.

The judgment is reversed, with costs, and the cause remanded for a new trial.