## KRAG-REYNOLDS COMPANY *v.* ODER ET AL.

[No. 2,621.   Filed January 3, 1899.]

CONTRACT.—*Rescission.*—A party cannot affirm that part of a contract in his interest, and repudiate the remainder.   A contract can
only be rescinded in *toto.   pp. 336, 337.*

SAME. — *Chattel Mortgage. — Consideration.* — A wholesale grocer
offered to furnish a retailer, who was indebted to him, fifty dollars
worth of goods if the retailer would execute a note and mortgage
on his stock due one day after date covering the old and new account.   The note and mortgage were executed, but plaintiff learning of a prior recorded mortgage on the stock did not deliver the
goods, but immediately foreclosed the mortgage.   *Held,* that as the
mortgagee had not complied with his part of the contract, in consideration of which the mortgage had been given, he could not
enforce the mortgage.   *pp. 335-337.*

From the Marion Superior Court.   *Affirmed.*

*Hord & Perkins,* for appellant.

*W. N. Pickerill* and *Howard Cale,* for appellees.

COMSTOCK, J.—The appellant was the plaintiff in
the court below, and instituted this action against
the appellee Ulysses G. Oder on the 5th day of May,
1896, to obtain possession, under a writ of replevin,
of a small stock of groceries belonging to Oder, upon

which appellant had a chattel mortgage. To appellant's complaint the appellee Oder filed answer in general denial, and a second paragraph of answer in which he alleged that he was a retail grocer of the city of Indianapolis, and a customer of the appellant, a corporation engaged in the wholesale grocery business in such city; that appellant's mortgage was given to secure the payment to appellant of a promissory note for the sum of $247.76, of which $196.76 was the amount of said appellee's indebtedness to appellant prior to the 1st day of December, 1895, and the remaining $50 was to cover goods which appellant was to deliver to such appellee; that appellant represented that it desired to aid such appellee by stocking him up, and Oder relied on such representations, and by reason thereof executed such note and mortgage; that appellant after procuring such note and mortgage upon appellee's stock of groceries, wholly failed and refused to deliver to Oder such $50 worth of goods, or any part thereof, and never intended to deliver them; and that such representations were made for the fraudulent purpose of procuring the execution of such note and mortgage, and without any intention of delivering such $50 worth of goods. The appellees John L. Avery and John J. Marshall upon application to the court were made parties defendant, and each filed a separate pleading. Appellee Avery alleged that the property described in appellant's complaint, and covered by the writ of replevin, was covered by a prior mortgage executed to secure him as an indorser for Oder upon a note for $300 in favor of Fletcher's Bank, that he is still indorser for the full amount of such note, that the same is unpaid, that Oder is insolvent, and that under the terms of such mortgage the action of appellant in taking possession of such property vested the title thereof in

appellee Avery. Wherefore he prayed judgment against the appellant for the value of the property, etc. Appellee Marshall in his pleading alleged, in substance, that he held a lien on such property under a chattel mortgage executed to secure the payment of $250, that such lien was superior to that of appellant, and that, under one of the conditions of such mortgage, the action of appellant in taking possession of such property vested in appellee Marshall the title thereto. Wherefore he prayed the court for judgment against the appellant for the value of such goods, etc. To these pleadings the appellant filed answer in general denial, and the cause was submitted to the court without the intervention of a jury. The court found for appellees and adjudged that the appellant, to whom the property in controversy was delivered under the writ of replevin, should return to appellee Oder within five days such property, or pay to Oder $100, the value of the property, and that the appellees Oder, Marshall and Avery recover of the appellant their costs. Appellant filed a motion for a new trial, which was overruled. The error assigned is the overruling of appellant's motion for a new trial. The specifications in the assignment of error discussed are that the decree of the court is not sustained by sufficient evidence, and is contrary to law.

Appellee Oder seeks to avoid the mortgage because appellant failed to deliver the $50 worth of goods, claiming that appellant's action in that behalf was fraudulent. The facts, as shown by the evidence, are substantially as follows: Oder, who was running a grocery in November, 1895, had been found to be indebted to Krag-Reynolds Company in the sum of $197, and they declined to give him further credit; and from that time on he paid cash for whatever he

got of Krag-Reynolds Company until May 1st, when a member of the firm called on Oder, and proposed to stock him up and put him in shape for doing a better business than he had been doing; suggested that they let him have $50 worth of goods on credit, and, in consideration of this, Oder should execute to them his note for the amount of the old bill, $197, and the $50 they were about to sell him, and give a chattel mortgage on his stock for the total of $247,—the goods to be delivered on the following morning. Oder executed the note and mortgage on the 1st day of May, 1896. This suit was brought on the 5th of the same month, and the Krag-Reynolds Company, through the sheriff, took possession. It is not pretended that appellant furnished him any part of the $50 worth of goods it was to let him have, but as an excuse for not furnishing them, the Krag-Reynolds Company says that on the next day after it had obtained the note and mortgage of Oder, and had taken his order for the $50 worth of goods, it learned for the first time of the existence of the prior mortgages of Avery and Marshall. These mortgages had been of record for about two years, but nothing was said about them by any one at the time the Krag-Reynolds Company took the note and mortgage. The appellant contended that Oder's failure to mention these mortgages was such deception on his part as justified it in refusing to furnish the $50 worth of goods which it had contracted to furnish. It thus appears from the evidence that appellant seeks to enforce a part of a contract in its favor, after having repudiated the promise by which its execution was induced. The execution of the note and mortgage was the result of one contract. Appellant could not affirm that part of the contract in its interest and rescind the part in the interest of appellee. A contract can only be re-

scinded in toto.   This principle has been recognized in a number of decisions in this State.   *Higham* v. *Harris,* 108 Ind. 246; *Worley* v. *Moore,* 97 Ind. 15; *Himes* v. *Langley,* 85 Ind. 77; *Gregory* v. *Schoenell,* 55 Ind. 101; *Stedman* v. *Boone,* 49 Ind. 469; *Joest* v. *Williams,* 42 Ind. 565; *Citizens St. R. Co.* v. *Horton,* 18 Ind. App. 335.   Appellant's counsel cite authorities to sustain the proposition that one induced by fraud to enter into a contract may rescind the contract in toto, or affirm the contract and sue for damages, and that Oder "did not elect the remedy which was open to him and available by way of damages, which, in case the note he gave had been paid, would have been $50 worth of goods, and the loss of profits he sustained by reason of such non-delivery.   But he chose to rescind." We must bear in mind that the note was executed May 1, 1896, due one day after date.   On the 5th day of May, appellants instituted suit, and took possession of appellee's property.   It was to that action that appellee set up this defense.   Oder, not having received anything, had nothing to return.   A past consideration is sufficient to support a mortgage, but the note was not for the old debt of $197, but for $247, and the mortgage was given to secure the last mentioned amount upon the promise of an extended credit, which was refused.   The contract was not divisible.   Appellants should have furnished the goods, or surrendered the note and mortgage.   The court did not err in rendering judgment in favor of Avery and Marshall for costs.   We find no error.   Judgment affirmed.