———o———

SILAS W. SKINNER, Appellant, *vs.* JAMES E. PURNELL and MARY A. PURNELL, Respondent.

1. *Land and land titles—Vendor's lien—Taking other security—Fraud.* —When a purchaser by fraud induces the vendor to take worthless security for the unpaid purchase money for land, the vendor does not thereby waive his lien on the land.

*Appeal from Clinton Circuit Court.*

*Porter and Turner*, for Appellant.

The facts stated in the petition show the existence of a lien against the property sought to be charged. (Wash. on Real Prop., Vol 2, pp. 86, 87, 88 ; Story Eq. Jur., §§ 1217, 1218, 1219 ; Delassus vs. Poston, 19 Mo., 428; Marsh vs. Turner, 4 Mo., 253.)

*John G. Woods*, for Respondent.

EWING, Judge, delivered the opinion of the court.

The petition alleges in substance the execution of a note by defendant J. E. Purnell, in December, 1870, for $300, to plaintiff for a part of the purchase money of certain real estate sold by him to said Purnell, and conveyed by direction of said Purnell to his wife Mary A. Purnell; that at the time said

property was conveyed, defendant J. E. Purnell made false and fraudulent representations as to his ownership of certain other real estate in Kansas City, and that his title thereto was perfect and the property free from incumbrance ; that by reason thereof plaintiff was induced to convey the property, sold by him to defendant said J. E. Purnell to his wife Mary A. Purnell, and to accept as security for said notes a deed of trust on said property in Kansas City ; that said Purnell did not own said property or any interest therein, which he, Purnell knew ; that he was persuaded not to examine the records as to the title to said property by reason of the assurances and representations of said defendant in regard to the title and condition of the property, and that he was plaintiff's legal adviser at the time the transaction took place.   Defendant Mary A. Purnell demurred to the petition on the following grounds :

1. Several causes of action are improperly united in the same count, with a single prayer asking both legal and equitable relief.

2. The petition alleges that the defendant is a married woman, and is brought to recover a judgment against her husband, and at the same time seeks to bind her property for the paymet of the debt.

3. That the petition does not state facts sufficient to constitute a cause of action against this defendant.

4. The petition seeks to charge her property on the ground of fraud in the original contract, but does not charge that she was a party to or in any manner connected with the fraudulent contract.

The demurrer was sustained.   The record discloses some irregularities in reference to a non-suit after the demurrer had been sustained ; but the ruling of the court upon the demurrer only will be considered.

Even if it be conceded that the taking of the deed of trust on other real estate would have had the effect of waiving the implied lien, had the transaction been free from fraud, has the plaintiff lost his lien by taking this security, if it was worthless and known to be so by the purchaser Purnell, who fraudu-

lently represented it to be good ? That he has not, is a proposition too clear to admit of discussion. Indeed this point is not particularly urged by counsel.

Mrs. Purnell is a proper party to the action for obvious reasons. The property was conveyed to her by the plaintiff at the request of her husband and she holds the legal title. She is a volunteer ; and stands in no other or different relation to the plaintiff, as it respects any claim she has to the property than would Purnell, her husband, had the title been made directly to him.

She takes the property affected with his fraud and subject to all the equities which would have attached to it in his hands.

The lien of a vendor attaches against the vendee, and all persons claiming as volunteers, and purchasers under him with notice. (2 Story Eq., 1225 ; 2 Wash., Real Prop, 88.)

The object of the suit being to enforce the plaintiff's lien as vendor, it was unnecessary to ask for judgment specifically for the amount of the note in addition to the other relief prayed. For under the prayer of the petition, there should be judgment against the defendant J. E. Purnell for the amount of the purchase money, as well as a decree for the sale of the property subject to the lien. So that this part of the petition may be regarded as surplusage, and the petition treated as a proceeding in equity.

The judgment is reversed and the cause remanded. The other Judges concur.