FOUCH ET UX. *v.* WILSON ET AL.

VENDOR'S LIEN.—*Acceptance by Vendor of Forged Mortgage.—Principal and Agent.*—The grantor of certain real estate, which was conveyed to the grantee in pursuance of a contract made with the grantor by the agent of the grantee, accepted from the agent, in good faith, as genuine, a false and forged mortgage on such real estate, purporting to have been executed by the grantee, to secure a promissory note of the agent for the unpaid balance of the purchase-money. Foreclosure of the mortgage having been defeated on the ground of its forgery, though judgment on such note was rendered against the agent, who was insolvent, the grantor brought an action against the grantee, to enforce a lien against said real estate for such purchase-money.

*Held,* on demurrer to evidence tending to establish the foregoing facts, that the plaintiff is entitled to the lien.

From the Hamilton Circuit Court.

*D. Moss,* for appellants.

*A. F. Shirts* and *G. Shirts,* for appellees.

HOWK, J.—The appellants were the plaintiffs, and the appellees were the defendants, in this action, in the court below.

In their complaint, the appellants alleged, in substance, that, on the 3d day of September, 1873, the appellee John W. Wilson, as the agent of his co-appellee, Mary A. Jones, then known by the name of Mary A. Wilson, (having since intermarried with her co-appellee, Benjamin F. Jones,) purchased for the appellee Mary A., of the appellant Mary A. Fouch, certain real estate, particularly described, in the town of Noblesville, at and for the sum of

five hundred dollars; that said agent paid at the time on said purchase-money, for the appellee Mary A. Jones, then Wilson, the sum of two hundred and ten dollars, and executed his note, a copy of which was therewith filed, as evidence of the balance thereof; that, at the time of said purchase, the appellant Mary A. Fouch, and her co-appellant, John P. Fouch, her husband, executed to the appellee Mary A. Jones, then Wilson, a good and sufficient deed of conveyance of said real estate; that the appellee John W. Wilson was then insolvent and in embarrassed circumstances, as was well known to the appellant Mary A. Fouch, who declined to part with her title to said real estate unless the unpaid purchase-money was secured by a mortgage on said realty; that thereupon the appellee John W. Wilson delivered to the appellant Mary A. Fouch a mortgage on said real estate, purporting to have been duly executed by the appellee Mary A. Jones, then Wilson, which he falsely represented was so executed by her (then a *femme sole* and competent to execute the same), to secure the payment of said unpaid purchase-money, evidenced as aforesaid by said note of the appellee John W. Wilson, a copy of which mortgage was filed with, and made part of, said complaint; that the appellant Mary A. Fouch delivered said deed to the appellee Mary A. Wilson, now Jones, and accepted said note and mortgage in good faith, and in the firm belief that they were genuine, without any knowledge whatever of any fraud in the execution thereof; that, on the 14th day of January, 1875, the appellant Mary A. Fouch commenced a suit in the court below, against the appellees in this action, to foreclose the said mortgage so given to secure said unpaid purchase-money; that afterward, on the — day of ——, 1875, said appellee Mary A. Jones appeared and filed an answer to the complaint in that action, denying under oath the execution of said mortgage; that afterward, on the 28th day of July, 1875, at a special

session of said court, said suit was duly tried by a jury; that said trial resulted in a finding that said mortgage was a forgery, and a judgment for the appellee Mary A. Jones; that, at the same time, by the consideration of said court, the appellant Mary A. Fouch recovered a personal judgment against the appellee John W. Wilson for the sum of three hundred and forty-four dollars and seventy-six cents, the balance of said purchase-money and interest then due; that, at the time of the delivery of their said deed, the appellants also delivered the possession of said real estate to the appellee Mary A. Jones, then Wilson, who had ever since retained possession thereof, and still claimed the ownership of said property, while she repudiated the said fraudulent acts and conduct of her said agent, John W. Wilson, who procured said title for her, as aforesaid; that the appellees were wholly and notoriously insolvent, and had no personal or other property whatever, out of which said unpaid purchase-money, or any part thereof, could be made; that the said judgment against the appellee John W. Wilson, for the balance of said purchase-money, was unavailable and uncollectible; and that, by means of the premises, the appellant Mary A. Fouch had acquired a vendor's lien on said real estate, for said unpaid purchase-money. Wherefore the appellants asked, that the vendor's lien in favor of the appellant Mary A. Fouch, on said real estate, for the unpaid purchase-money for the same, be enforced and foreclosed, and that said real estate, or so much thereof as may be necessary to pay said unpaid purchase-money, with interest, be sold, and for other proper relief.

To this complaint, the appellees, Mary A. Jones and Benjamin F. Jones, jointly answered in two paragraphs; the first setting up some affirmative matters, which we need not specially notice, and the second paragraph being a general denial.

The appellants replied, by a general denial, to the first paragraph of said answer.

The issues joined were submitted to a jury for trial; and the appellants having introduced their evidence, the appellees Mary A. and Benjamin F. Jones demurred to said evidence, and the jury were discharged from the further consideration of the cause. The demurrer to the evidence was sustained by the court, and to this decision the appellants excepted; and judgment was then rendered on the demurrer, in favor of said appellees, and against the appellants.

The only error assigned by the appellants, in this court, is the decision of the court below in sustaining the demurrer of the appellees Mary A. and Benjamin F. Jones to the appellants' evidence.

It is the settled law, that, by a demurrer to the evidence, all the facts of which there is any evidence, and all the conclusions which may fairly and logically be drawn from those facts, are admitted to be true. *Lindley* v. *Kelley*, 42 Ind. 294; *Strough* v. *Gear*, 48 Ind. 100; and *Bailey* v. *Boyd*, 59 Ind. 292.

We need not set out the appellants' evidence on the trial of this cause, to which evidence the appellees Mary A. Jones and Benjamin F. Jones demurred in the court below. We may say generally, however, that, giving the demurrer to the evidence its full legal effect, it can not be questioned, in our opinion, that the substantial facts alleged in the appellants' complaint were fairly established by their evidence. *Peabody* v. *Peabody*, 59 Ind. 556.

It is insisted by the appellees' attorneys, that the appellant Mary A. Fouch, by accepting the note of John W. Wilson for the unpaid purchase-money, waived or abandoned her equitable lien on the real estate conveyed by her and her husband to the appellee Mary A. Jones. It may be that her acceptance of said note was *prima facie* evidence of her waiver or abandonment of her equitable lien on said real estate, to secure the payment of the un-

paid purchase-money; but it was nothing more than *prima facie* evidence. *Dibblee* v. *Mitchell*, 15 Ind. 435, and *Yaryan* v. *Shriner*, 26 Ind. 364.

Ordinarily, the taking of a mortgage to secure the payment of unpaid purchase-money would be an abandonment of the vendor's equitable lien to secure such payment; and the law is, that when such equitable lien has been fairly and voluntarily abandoned, it is lost forever. *Mattix* v. *Weand*, 19 Ind. 151, and *Wilson* v. *Hunter*, 30 Ind. 466. But it can not be said, that a vendor of real estate, who has been induced by fraud and deceit to accept a forged mortgage on the realty to secure his unpaid purchase-money, has thereby fairly and voluntarily abandoned his equitable lien, as such security therefor.

It seems to us, that it may fairly and logically be concluded, from the facts in this case in relation to the mortgage alleged to have been forged, that the appellant Mary A. Fouch, in accepting the note of said John W. Wilson for the unpaid purchase-money, did not intend to, and did not, waive or abandon her equitable lien on the real estate as security therefor; and that, by accepting the said forged mortgage on the realty as such security, without knowledge or notice of the forgery, she had never fairly and voluntarily abandoned her equitable lien thereon as such security. This must be so, where, as in this case, the controversy is between the original parties to the transaction, and the rights of innocent parties, without notice, have not intervened.

In our opinion, the court below erred in sustaining the demurrer of the appellees Mary A. and Benjamin F. Jones to the appellants' evidence.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule the appellees' demurrer to the evidence, and to render judgment thereon in favor of the appellants, as prayed for in their complaint.