Filed May 25, 1886.

---

No. 12,607.

## GILBERT v. BAKES ET AL.

PRACTICE.—*Pleading.—Carrying Demurrer Back.*—Where a defendant's answer is held good on demurrer, he can not urge on appeal that the court erred in not carrying the demurrer back to the paragraph of the complaint to which the answer is addressed.

VENDOR'S LIEN.—*Not Lost by Acceptance of Void Securities.*—A vendor's lien is not lost by the acceptance of securities that have no legal validity.

From the Switzerland Circuit Court.

*J. D. Works* and *L. O. Schroeder,* for appellant.
*W. D. Ward* and *T. Livings,* for appellees.

ELLIOTT, J.—The appellant filed an answer to the second paragraph of the appellees' complaint, and the court overruled the demurrer addressed to the answer by the appellees.

The appellant's counsel contend that the second paragraph of the complaint is bad, and that the court of its own volition should have carried the demurrer back and sustained it to the complaint. This contention can not prevail. Where the answer of the defendant is left standing, he can not successfully claim that the court erred in failing, of its own motion, to carry the demurrer back to the complaint. *Haymond* v. *Saucer,* 84 Ind. 3 ; *Scheible* v. *Slagle,* 89 Ind. 323 ; *Standley* v. *Northwestern M. L. Ins. Co.,* 95 Ind. 254; *City of Evansville* v. *Martin,* 103 Ind. 206, see p. 209 ; *Cupp* v. *Campbell,* 103 Ind. 213, see p. 222.

The rule established by these decisions is this : Where a defendant's answer is held good on demurrer, he can not successfully urge on appeal that the court erred in not carrying the demurrer back to the paragraph of the complaint to which the answer was addressed.

We do not deem it necessary to discuss the other questions argued by appellant's counsel, for we deem them settled against her by the decision made on the former appeal. *Bakes* v. *Gilbert,* 93 Ind. 70. This we say, because the decision there made is the law of the case, and governs it throughout all of its stages. The principle decided on the former appeal is decisive here, and is in accordance with the law as declared by our decisions. The controlling principle there decided is, that a vendor's lien is not lost by the acceptance of securities that have no legal validity. *Fouch* v. *Wilson,* 60 Ind. 64 (28 Am. R. 651) ; *Felton* v. *Smith,* 84 Ind. 485, see pp. 490, 491 ; *Himes* v. *Langley,* 85 Ind. 77 ; *Lord* v. *Wilcox,* 99 Ind. 491.

Judgment affirmed.

Filed June 2, 1886.