Nysewander v. Lowman.

Filed May 17, 1890; petition for a rehearing overruled Sept. 18, 1890.

No. 14,128.

NYSEWANDER v. LOWMAN.

PLEADING.—*Notice by Publication.—General Appearance.—Amended Complaint.*—Where a defendant, who has been notified by publication, enters a general appearance, the trial court may permit the filing of an

Nysewander v. Lowman.

amended complaint which relates to the same transaction and sets up substantially the same facts embraced in the original complaint.

SAME.—*Appearance.*—*Due Process of Law.*—Where a notice, whatever its character, brings a defendant into court, secures an appearance and gives an adequate opportunity to the defendant to be heard, there is due process of law, and objections are unavailing.

SAME.—*Action for Damages.*—*Fraudulent Representations as to Value of Stock.*—*Complaint.*—*Sufficiency of Against Demurrer.*—A complaint alleged that the plaintiff exchanged land with the defendant for shares of the capital stock of a corporation of which the defendant was president; that the defendant knew the financial condition of the corporation and the value of its capital stock; that for the purpose of defrauding the plaintiff, and to induce him to accept the stock, the defendant represented that the financial condition of the corporation was good, and that its capital stock was of par value; that for the purpose of preventing the plaintiff from ascertaining the condition of the corporation and the value of its capital stock, the defendant fraudulently requested the plaintiff to make no inquiries as to the financial condition of the company, or as to the value of its capital stock, for the reason that he did not want other stockholders to know that he was selling his stock; that the plaintiff, relying upon the representations of the defendant, exchanged his land for the stock; that the defendant knew at the time of making the representations that the corporation was insolvent and its capital stock worthless.

*Held*, that the complaint states a cause of action for damages caused by fraudulent representations, and is good against demurrer.

SAME.—*Measure of Damages.*—*Complaint.*—The measure of damages is the difference between the actual value of the corporate stock and its value had it been as represented by the defendant, and not the value of the land exchanged for the stock; and hence the complaint is not bad for failing to state specifically the value of the land exchanged for the stock.

SAME.—*Facts Pleaded by way of Recital.*—*Demurrer.*—Facts must be pleaded directly and positively, and it avails nothing as against a demurrer to plead them by way of recital.

CONTRACT.—*Rescission.*—*Retention of Goods.*—*Damages.*—While a party can not sue for the rescission of a contract while retaining the goods received under it, he may retain the goods and maintain an action for damages for fraudulent representations.

SAME.—*Rescission.*—*Election of Remedies.*—*Amendment of Complaint.*—Where no election of remedies is compelled by the adverse party, and nothing more is done than to file a complaint for rescission, and in the same proceeding so amend it as to make it a complaint for damages, there is no such act or conduct as concludes the plaintiff.

VENDOR AND PURCHASER.—*Fraud on Part of Vendee.*—*Vendor's Lien.*—Where a vendee fraudulently induces a vendor to accept in payment of

Nysewander *v.* Lowman.

the purchase-money property that is worthless or of less value than that represented, the lien is not waived.

From the Jay Circuit Court.

*S. W. Haynes, W. E. Cox, J. W. Headington, J. J. M. La Follette,* for appellant.

*D. T. Taylor, R. H. Hartford, J. B. Jaqua* and *J. A. Jaqua,* for appellee.

ELLIOTT, J.—The appellee filed a complaint against the appellant, and caused notice to be given him by publication. At the time fixed by the notice the appellant appeared by counsel and filed an application for a change of judges, and his application was granted. After the appearance thus entered the appellee filed an amended complaint, different in some material respects from the original, but based upon the same transaction, setting forth substantially the same facts and relating to the same real estate. In various modes the appellant objected to the filing of the amended complaint, and challenged the right of the court to compel an answer. We are satisfied that there was no error in any of the rulings of the trial court upon this subject.

The appellant, by his general-appearance, was in court for all legitimate purposes, and, both by our code and under our decisions, it was within the discretion of the trial court to permit the filing of an amended complaint, and this was all that was done in this instance, for the complaint, as amended, related to the transaction and property embraced in the original pleading. There was no substitution of an independent transaction for a radically different one.

It is well settled that the trial court has a wide discretion in the matter of amendments, and unless it clearly appears that there was an abuse of discretion this court will not interfere.

The notice by publication was such as the law requires, and it is a valid notice. *Quarl* v. *Abbett,* 102 Ind. 233. In this instance it accomplished all that a personal notice by the

service of a summons could possibly do, for it brought the defendant into court, and gave him full oppportunity to litigate the legal controversy. Where a notice, whatever its character, brings a defendant into court, secures an appearance, and gives an adequate opportunity to the defendant to be heard, there is due process of law, and objections are unavailing.

The complaint alleges that the plaintiff exchanged a tract of land with the defendant for forty-three shares of the capital stock of a corporation known as the Superior Manufacturing Company; that the defendant was, at the time, and long had been, the president of the corporation, which was located and engaged in business at the town of New Carlisle, in the State of Ohio; that he knew the financial condition of the corporation and the value of its capital stock; that for the purpose of defrauding the plaintiff, and to induce him to accept the stock, the defendant represented that the corporation was in a good financial condition, and that its capital stock was of par value; that for the purpose of preventing the plaintiff from ascertaining the condition of the corporation, and the value of its capital stock, the defendant fraudulently requested the plaintiff to make no inquiries as to the financial condition of the company, or as to the value of its capital stock, for the reason that he did not want other stockholders to know that he was selling his stock; that the plaintiff, having no knowledge of the financial condition of the corporation or of the value of its capital stock, relied upon the representations of the defendant; that the corporation was insolvent, and its capital stock worthless; that the defendant, at the time he made such representations, knew that they were false, that the corporation was insolvent, and its capital stock worthless; that the plaintiff, relying upon the representations of the defendant, exchanged his land for the stock.

The complaint states facts entitling the plaintiff to some relief, and such a complaint will repel a demurrer. *Bayless*

v. *Glenn,* 72 Ind. 5. If it were conceded that the facts stated do not entitle the plaintiff to a vendor's lien it would not avail the defendant, for as the complaint states a cause of action for damages, caused by fraudulent representations, a demurrer will not prevail against it.

We have assumed that the complaint shows that the fraud of the defendant entitles the plaintiff to damages if it does no more, and we are clear that this assumption is well grounded, for the complaint shows that false representations of a material character were knowingly made, and that the defendant resorted to an artifice to deceive and defraud the plaintiff, and such a tort gives the wronged party a cause of action. The case of *Cookerly* v. *Johnson,* 33 Ind. 151, is not in point, for in that case the plaintiff sought a rescission of a contract and yet clung to part of the property he had received in exchange, while here, the property which the plaintiff retains is averred to be worthless. But a party may retain property and sue for damages caused by fraudulent representations. This doctrine is as well established as any within the whole range of the law. *Johnson* v. *Culver,* 116 Ind. 278 (285); *St. John* v. *Hendrickson,* 81 Ind. 350; *Burnham* v. *Mitchell,* 34 Wis. 116; *Parker* v. *Marquis,* 64 Mo. 38; *Nauman* v. *Oberle,* 90 Mo. 666; *Whitney* v. *Allaire,* 4 Denio, 554; *Grabenheimer* v. *Blum,* 63 Texas, 369.

A party who suffers injury by the fraud of another may, however, waive his right to damages. *St. John* v. *Hendrickson, supra;* Cooley Torts, 505. But a mere affirmance of the contract by retaining the property received under it does not bar an action for damages although it may defeat a suit for rescission. *Johnson* v. *Culver, supra; McQueen* v. *State Bank, etc.,* 2 Ind. 413; *Campbell* v. *Fleming,* 1 Ad. & E. 40. Mr. Bigelow seems to carry the doctrine to the extent of holding that in no event can a claim for damages caused by a fraud be waived. Law of Fraud, 69. But, as shown by Judge Cooley, and by the authorities he cites, Mr. Bigelow's

position is untenable. Cooley Torts, 505, and authorities cited in note.

The appellant's counsel mistake the point in dispute, and, instead of proving that the plaintiff can not recover damages, prove that he can not rescind the contract. Their arguments and their authorities are entirely without weight because they are totally irrelevant.

The measure of damages in such a case as this is the difference between the actual value of the corporate stock and its value had the facts been as represented by the defendant. *Booher* v. *Goldsborough*, 44 Ind. 490; *Morse* v. *Hutchins*, 102 Mass. 439; *Stiles* v. *White*, 11 Met. 356; *Noyes* v. *Blodgett*, 58 N. H. 502. We do not hold, nor mean to hold, that the amount of damages is to be determined solely from the statements of the defendant as to the value of the stock, for it is unnecessary at this point to decide just how the damages shall be measured; it is enough to say that the measure of damages is not the value of the land exchanged for the stock. *Bowman* v. *Parker*, 40 Vt. 410; *Hubbell* v. *Meigs*, 50 N. Y. 480. The complaint is not, therefore, to be condemned because it does not specifically state the value of the land exchanged for the stock delivered to the appellee.

The second paragraph of the appellant's answer alleges that on the 1st day of January, 1884, he entered into negotiations with the plaintiff for the exchange of forty-three shares of the capital stock of the Superior Manufacturing Company for the land described in the complaint, and on the 10th day of April of that year, a written contract was entered into embodying the terms of their agreement; that the land was of the value of three thousand dollars; that the defendant made no representations as to the value of the stock, or as to the financial condition of the corporation; that the plaintiff was elected president of the company and continued to occupy that position for fifteen months; that he did not inform the defendant that he was not satisfied with the exchange until the commencement of this action in

March, 1886; that the stock was of value; that the original complaint of the plaintiff is filed with the answer as "Exhibit A"; that by his original complaint the plaintiff elected to rescind the contract of exchange; that by reason of his election to rescind, the plaintiff is precluded from prosecuting this action for damages; that the plaintiff is a resident of the State of Ohio; that the defendant is a resident of the State of Michigan; that at the time this action was commenced the defendant was the owner of personal property of the value of six thousand dollars in the State of Ohio, and of a like amount of personal property in the State of Michigan.

The answer must be good as a plea in confession and avoidance, or it must be deemed utterly without force, for the same paragraph of an answer can not be good both in confession and avoidance, and in denial. *Cronk* v. *Cole,* 10 Ind. 485; *Kimble* v. *Christie,* 55 Ind. 140; *Woollen* v. *Whitacre,* 73 Ind. 198; *Neidefer* v. *Chastain,* 71 Ind. 363 (36 Am. Rep. 198); *Richardson* v. *Snider,* 72 Ind. 425; *State, ex rel.,* v. *Foulkes,* 94 Ind. 493 (498); *Petty* v. *Trustees, etc.,* 95 Ind. 278.

If it were conceded that the answer is not bad because it both confesses and denies, and that it is a single plea in confession and avoidance, the conclusion must, nevertheless, be that it is insufficient. It can not be held that the answer shows that the plaintiff elected to affirm the contract by suing for a rescission, for there is no direct averment that he did sue for a rescission. We know that the original complaint is referred to as an exhibit, but we know, also, that it is not the foundation of the defence, and that by making it an exhibit the defendant did not add to the force of his answer. Facts must be pleaded directly and positively; it avails nothing as against a demurrer to plead them by way of recital. Nor is it always true that the mere bringing of a suit for rescission will bar an action for damages. *Lenox* v. *Fuller,* 39 Mich. 268; *Warren* v. *Cole,* 15 Mich. 264; *Kraus* v. *Thompson,* 30 Minn. 64; *Newnham* v. *Stevenson,* 10 C. B.

Nysewander *v.* Lowman.

713. It is no doubt true, as a general rule, that the prosecution of a suit for rescission to judgment will preclude an action for damages. But even this rule is held not to be without exceptions. Where two actions are pending at the same time an election may be compelled, and where expressly made it is ordinarily conclusive. *Moller* v. *Tuska,* 87 N. Y. 166. But where there is no election compelled by the action of the adverse party, and nothing more is done than to file a complaint for rescission, and in the same proceeding so amend it as to make it a complaint for damages, there is no such act or conduct as concludes the plaintiff. *Equitable, etc., Co.* v. *Hersee,* 33 Hun, 169. The case of *Pursley* v. *Wikle,* 118 Ind. 139, is not in point, for the question in that case was entirely different from the one here under consideration.

The facts stated in the special finding make a much stronger case in favor of the plaintiff than the complaint does, and what we have said disposes of all the questions presented by the conclusions of law, except the question arising on the conclusion of the court that the plaintiff is entitled to a vendor's lien as for unpaid purchase-money.

It is well settled that where a vendee fraudulently induces a vendor to accept in payment of the purchase-money property that is worthless, or of less value than that represented, the lien is not waived. *Fouch* v. *Wilson,* 60 Ind. 64 (28 Am. Rep. 65); *Himes* v. *Langley,* 85 Ind. 77 ; *Felton* v. *Smith,* 84 Ind. 485 ; *Madden* v. *Barnes,* 45 Wis. 135 (30 Am. Rep. 703); *Lord.* v. *Jones,* 24 Me. 439 ; *Duke* v. *Balme,* 16 Minn. 306 ; *McDole* v. *Purdy,* 23 Iowa, 277.; *Skinner* v. *Purnell,* 52 Mo. 96.

Judgment affirmed.

Filed May 17, 1890; petition for a rehearing overruled Sept. 18, 1890.