LESSER FRANKLIN

*v.*

COSTELLO WALKER *et al.*

*Opinion filed February 14, 1898.*

FRAUD—*waiver of vendor's lien obtained by fraud is not binding.* One who is induced by fraudulent conspiracy to waive his vendor's lien and to accept other security which proves worthless, is not bound by such waiver as against the parties to the conspiracy, and is entitled to have his rights, and those of the conspirators and their devisees, determined by a court of equity. ·

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

This case comes to this court on appeal from a decree of the circuit court of Cook county sustaining the demurrer to the amended bill of complaint of appellant, and finding that he was not entitled to the relief prayed for.

The amended bill alleges that appellant was the owner in fee simple of certain lots in Franklin Park, and on July 25, 1892, entered into a contract with John Beshel, by which he agreed to convey the said lots to Beshel for $2100, $100 to be paid in cash and the balance in monthly installments of $30, and in case Beshel failed to make any of the payments as specified, the contract should be forfeited at appellant's option and all payments made be forfeited as liquidated damages, and that time should be of the essence of the contract; that Beshel paid $100 down but no substantial amounts in addition, and that on Jan-

uary 1, 1895, there was due under the contract $1960, which Beshel failed and refused to pay, and that appellant had declared the contract forfeited and notified Beshel of such forfeiture; that Beshel had, on June 29, 1893, quit-claimed all his interest in the premises to Costello Walker; that Beshel, Walker, Paul F. Knefel, Peter J. Bernhard, William S. Frisbee and Richard Frisbee conspired together to cheat and defraud appellant, and to induce and persuade him, by the representations, statements and means hereinafter set forth, to make a warranty deed of the said premises to Walker; that in pursuance of such conspiracy Walker falsely and fraudulently represented to appellant that he was worth at least $50,000 clear, and amply solvent; that Walker and other defendants caused a written statement to be made to the Bradstreet Company, (a concern engaged in obtaining and furnishing information touching the financial standing, assets and liabilities of persons, and which information was generally relied upon by the public as a basis for the determination of credit,) showing that Walker was the owner of numerous pieces of property in Chicago, valued at $44,600, and that his liabilities were $7000; that this statement was given to Bradstreet's with the fraudulent design that it should be communicated to appellant and the public; that Walker and other defendants, especially Knefel, made statements to merchants and business men in Chicago that Walker was amply solvent and worth $50,000 clear; that appellant applied to Bradstreet's for a report on Walker's financial standing, and that this false and fraudulent statement was made to him by Bradstreet's; that Beshel, in furtherance of such conspiracy, requested appellant to convey the premises to Walker, and stated that such warranty deed would be considered a consummation of his contract with appellant; that appellant insisted that the Walker notes for the unpaid $1960 should be guaranteed by some good and substantial person; that Walker represented that Bernhard was a person of property and responsibil-

ity and worth $15,000 clear, and the owner in fee simple of a certain lot, and that Bernhard made affidavit that he was the owner of such lot, and that it was worth $14,000 and free from all encumbrances; that appellant believed these representations of Walker and Bernhard as to their solvency and financial condition, and was deceived thereby, and relying thereon, on February 13, 1895, executed a warranty deed to Walker for the premises, and accepted in payment therefor two notes of Walker, endorsed by Bernhard, each for $980; that these representations were wholly false and well known to be false by the parties making them, and were made for the purpose of inducing appellant to make such conveyance; that Walker and Bernhard were utterly and hopelessly insolvent and that Bernhard had only a nominal title in trust of the lot he claimed to own, and that the property mentioned in the statement to Bradstreet's was not worth to exceed $10,000 and encumbered for more than $19,000; that the fraudulent representations of Walker were made in pursuance of a general fraudulent scheme to deceive and defraud not only appellant, but the merchants and business men of Chicago, and that Walker, during the months of January, February and March, secured merchandise from a large number of firms on credit, who filed claims with Walker's assignee in excess of $25,000; that the assignee, on diligent search and inquiry, had not been able to discover assets exceeding in value $1000; that in furtherance of the conspiracy, Bernhard, on February 16, 1895, caused an execution to be levied on the lot he claimed to own for $2841.85 in favor of Richard Frisbee, and that Walker executed a pretended trust deed to Knefel on the lots he bought from appellant, as security for the fictitious and fraudulent note made by Walker for $3000 to his own order and by him endorsed, which note was delivered to William S. Frisbee, and that Walker thereafter made a fraudulent quit-claim deed to Smith C. Storer of the premises, who gave no consideration for such deed;

that Walker transferred all his property and then made
a voluntary assignment for the benefit of his creditors,
with the fraudulent purpose of hindering and delaying
the same; that by reason of this conspiracy appellant will
lose the unpaid balance of $1960 unless relieved under
this bill; that the lots in Franklin Park are improved
with a dwelling house worth about $6000 and in posses-
sion of Beshel, and that by reason of the premises and
appellant's contract with Beshel, and his declaration of
forfeiture, he is entitled to the immediate possession of
the lots, but, if the court should deem it proper to do so,
waives his right of forfeiture and claims a vendor's lien
for $1960 and interest on the premises.

The bill brings the notes of Walker into court and
offers to surrender and cancel them, and prays for a re-
ceiver to take charge of Walker's $3000 note and trust
deed; that the said note and trust deed, and all the vari-
ous transfers, be declared fraudulent and void; that ap-
pellant be declared to have a vendor's lien for whatever
amount may be found due him on an accounting, and the
premises be sold to satisfy the lien; also prays for an
injunction restraining Frisbee and Storer from disposing
of the note or encumbering the property.

EDGAR BRONSON TOLMAN, for appellant.

JOSEPH B. DAVID, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The question here is, whether appellant's amended
bill, the substance of which is set out in the statement
of the case, states a cause of action, or not. The facts
constituting the alleged fraud and conspiracy, by means
of which appellant was induced to convey the lots in
question to appellee Walker and to receive therefor the
worthless notes of Walker and Bernhard, are fully set
out and with much detail, and we are of the opinion it was

error to sustain the demurrer. The equitable rights of the respective parties can be worked out and protected by the decree, if it be found, on the hearing, that appellant's equities are superior to the equities of some and inferior to those of others of the defendants. Even if it should be found that appellant is not entitled to have his deed to Walker set aside, the bill is broad enough, if sustained by the evidence, to establish a vendor's lien in his favor for the unpaid purchase money. If, as alleged in the bill, appellant was induced to accept the notes of Walker, with Bernhard as surety, by their fraud and deceit practiced upon him, whereby the reasonable belief was induced in his mind that both principal and surety were fully solvent and amply able to pay said notes, when in fact they were both insolvent and without any substantial means wherewith to make payment, it could not be contended that as to Walker, or his alleged co-conspirators, appellant waived his vendor's lien. Fraud vitiates all contracts, and a waiver of a vendor's lien by taking other security is no waiver when so induced. In equity, an unpaid vendor who has not waived it will be entitled to a lien, and no waiver obtained by fraud will be effectual to destroy the lien. *McDole* v. *Purdy*, 23 Iowa, 277; *Gnash* v. *George*, 58 id. 492; *Brown* v. *Byam*, 65 id. 374; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Tobey* v. *McAllister*, 9 Wis. 463; *Madden* v. *Barnes*, 45 id. 135; *Skinner* v. *Purnell*, 52 Mo. 96; *Thomas* v. *Bridges*, 73 id. 530; *Fouch* v. *Wilson*, 60 Ind. 64; *Nysewander* v. *Lowman*, 124 id. 584.

The contention of appellees that appellant should have offered to bring into court and surrender and cancel certain notes of Beshel, alleged by them in their argument to be still unmatured and unpaid, before he could enforce a forfeiture of his contract with Beshel, is without merit. The bill alleges that appellant made the deed to Walker at Beshel's request and with his consent, the same to be treated as a consummation of his contract with appellant. It will therefore be presumed that, as

between appellant and Beshel, everything was done at that time that ought to· have been done, including, of course, the surrender to Beshel, or satisfaction, of his obligations, and the Beshel contract would be out of the case altogether were it not alleged that Beshel was a party to the conspiracy.

The decree will be reversed and the cause remanded, with directions to overrule the demurrer and to rule the defendants to answer the amended bill.

*Reversed and remanded.*