(August 3, 1925.)

ESTHER C. ROGERS and Her Husband, HENRY T. ROGERS, Respondents, v. GEORGE E. CROCKETT, Appellant.

[238 Pac. 894.]

PLEADING—COMPLAINT — SUFFICIENCY—VENDOR AND PURCHASER—PUR-
CHASE PRICE — UNPAID BALANCE—VENDOR'S LIEN—PRESUMED TO
EXIST—BURDEN OF PROOF—ACTION TO ENFORCE—WAIVER OF LIEN
—WHEN NOT IMPLIED—FRAUD OF VENDEE—APPEAL AND ERROR—
REVIEW — FINDINGS OF FACT — CONFLICTING EVIDENCE — FINDINGS
NOT DISTURBED—ASSIGNMENT OF ERRORS—INSUFFICIENCY—STAT-
UTE OF LIMITATIONS.

    1. Complaint *held* sufficient to sustain an action to recover the
unpaid balance of the purchase price of real property, and to en-
force a vendor's lien therefor.

2. A vendor's lien is presumed to exist, and is an incident to the transaction and sale, unless the intention of the vendor that it shall not exist is clearly manifested by his acts or declarations, and the burden of proof is on the purchaser to show such intention.

3. The law will not imply a waiver of the vendor's lien induced by fraud of the vendee.

4. Where the evidence is conflicting, and there is substantial evidence to support the findings of the trial court, they will not be disturbed on appeal.

5. When it appears that parts of conversations testified to were admissible, an assignment of error objecting to the admission of the "conversations" is insufficient, without pointing out the particular portions inadmissible.

6. *Held*, that the action is not barred by the statute of limitations.

APPEAL from the District Court of the Fifth Judicial District, for Franklin County. Hon. O. R. Baum, Judge.

Action to foreclose a vendor's lien. Judgment for plaintiffs. *Affirmed.*

P. M. Condie and George Q. Rich, for Appellant.

Under the provisions of C. S., sec. 6408, one who sells real property is only given a vendor's lien thereon for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer. Therefore where a vendor accepts for the whole or any part of the purchase price any security whatever other than the personal obligation of the vendee, he thereby waives the benefit of a vendor's lien and loses his right to assert any such lien, as to such amount of the purchase price as is represented by such security, whether such security is or becomes worthless or not. (39 Cyc. 1836, 1837, 1840, and cases cited; *Jones v.*

Publisher's Note.

2. Waiver of vendor's lien, see notes in 2 Am. Dec. 262; 28 Am. Dec. 199; 137 Am. St. 185.

6. Lien of vendor as lost by operation of statute of limitations, see note in 31 Am. Rep. 41.

41 Idaho—22

*Allert,* 161 Cal. 234, 118 Pac. 794, 795, and cases cited; *Ferger v. Allen,* 35 Cal. App. 738, 170 Pac. 861, 863; *Lee v. Murphy,* 119 Cal. 364, 51 Pac. 549, 955.)

A statutory lien repudiates everything in the nature of an equitable lien. (25 Cyc. 23, 24, 35, 662.)

Where the vendor takes the note of a third person indorsed by the purchaser, in payment of the purchase price, the vendor's lien is waived. (39 Cyc. 1837.)

Where a vendor does any act manifesting an intention not to rely on his lien, such as taking security therefor without an express agreement that he may still have his vendor's lien, the lien does not exist. (*Finnell v. Finnell,* 156 Cal. 589, 134 Am. St. 143, 105 Pac. 740; *Fisher v. Shropshire,* 147 U. S. 133, 13 Sup. Ct. 201, 37 L. ed. 109; *Avery v. Clark,* 87 Cal. 619, 25 Pac. 919.)

The lien may be extinguished involuntarily by the vendor's act of omission or commission. (29 Am. & Eng. Ency. of Law, 2d ed., 762.)

The lien is waived by the taking of the security because it shows the intention of the vendor not to rely upon his implied equitable lien. (*McKeown v. Collins,* 38 Fla. 276, 21 So. 103–106.)

The silent lien of the vendor is extinguished whenever the vendor manifests an intention to abandon or not to look to it, and it is held that he does this whenever he takes other and independent securities. (Bowers, Law of Waiver, sec. 172, pp. 169, 170, 173; *Hunt v. Waterman,* 12 Cal. 301, 305; *Baum v. Grigsby,* 21 Cal. 172–176, 81 Am. Dec. 153.)

The doctrine of implied vendor's lien is not favored by the courts. Courts of equity in many of the states of the Union have either condemned it or it has been enacted against by the legislature. (*Jensen v. Wilslef,* 36 Nev. 37, Ann. Cas. 1915A, 1277, 132 Pac. 16, 18.)

The transfer of lands and the accepting of security other than the obligation of the vendee is *prima facie,* a waiver of the lien; and, to enforce a lien in such case, evidence would be required manifesting a different understanding between

the parties to the contract. (*Harris v. Hanks*, 25 Ark. 510, 515.)

The plaintiffs' present action is barred under the provisions of C. S., sec. 6611, subd. 4.

Knowledge of such facts as would put a reasonably prudent person on inquiry is equivalent to knowledge of fraud and will start the commencement of statute. (*Williams v. Shrope*, 30 Ida. 746, 168 Pac. 162.)

A. W. Hart and Charles H. Hart, for Respondents.

The lien does not find its origin in the statutory enactment. It has been generally recognized by courts of chancery. (*Royal Consol. Min. Co. v. Royal Con. Mines* (Cal.), 137 Am. St. 165, 172, 110 Pac. 123.)

Our statute has not done away with all the equitable doctrines of the law of vendor's liens by positive enactment in which nothing is left to be implied. (*Avery v. Clark*, 87 Cal. 619, 25 Pac. 919; *Finnell v. Finnell*, 156 Cal. 589, 134 Am. St. 143, 105 Pac. 740.)

A vendor's lien is presumed to exist, unless the intention of the vendor that it shall not exist be clearly manifested by his acts and declarations, and the burden of proof is on the vendee or his successors to show such intention. (Jones on Liens, secs. 1064, 1090, and cases cited; *Selna v. Selna*, 125 Cal. 357, 73 Am. St. 47, 58 Pac. 16.)

Where a worthless promissory note is imposed upon the vendor as part of the cash payment, if any fraud has been practiced upon the vendor by the vendee, the amount of the note still remains an equitable lien upon the land. (*Shelton v. Tiffin*, 6 How. (U. S.) 163, 12 L. ed. 387; *Harris v. Hanks*, 25 Ark. 510; *Felton v. Smith*, 84 Ind. 485; *Gilbert v. Bakes*, 106 Ind. 558, 7 N. E. 257; *Fouch v. Wilson*, 60 Ind. 64, 28 Am. Rep. 6511; *Broadwell v. King*, 42 Ky. 449; *Duke v. Balme*, 16 Minn. 306; *Yeomans v. Bell*, 79 Hun, 215, 29 N. Y. Supp. 502; 39 Cyc. 1840, and cases cited; *Rhodes v. Arthur*, 19 Okl. 520, 92 Pac. 244.)

The fraud of the vendee will not avail to waive the rights of the vendor to his implied lien. (2 Warvelle on Vendors,

2d ed., sec. 692; *Gee v. McMillan*, 14 Or. 268, 58 Am. Rep. 315, 12 Pac. 417; *Huff v. Olmstead*, 67 Iowa, 598, 25 N. W. 784; *Williamson v. Woten*, 132 Ind. 202, 31 N. E. 791; *Franklin v. Walker*, 171 Ill. 405, 49 N. E. 556; *Bakes v. Gilbert*, 93 Ind. 70; *Skinner v. Purnell*, 52 Mo. 96; *Jones v. Wolfe* (Tenn. Ch. App.), 42 S. W. 216.)

The vendor does not waive his security by taking through the fraud of the purchaser, or without fraud on his part, worthless security for the purchase money. (*Crippen v. Heermance*, 9 Paige (N. Y.), 211; *Dubois v. Hull*, 43 Barb. (N. Y.), 26; *Burger v. Hughes*, 5 Hun (N. Y.), 180; affirmed, 63 N. Y. 629; *Tobey v. McAllister*, 9 Wis. 463.)

Viewing the suit as an action to enforce a vendor's lien, the action would not be barred so long as the debt itself is not barred. (Wood on Limitations, 4th ed., secs. 276b (1), 276b(2); *Trotter v. Erwin*, 27 Miss. 772; *Litteljohn v. Gordon*, 32 Miss. 235; *Havird v. Lung*, 19 Ida. 790, 115 Pac. 930.)

TAYLOR, J.—Respondents brought this action to foreclose a vendor's lien upon certain real property sold by them to the appellant. Judgment was rendered for the amount claimed, and foreclosure of the lien adjudged, and the premises ordered sold to pay the same. This appeal is from the judgment.

Respondents first alleged that they sold and conveyed the property to appellant, by warranty deed, for the sum of $2,850; that, on the sale and as a part of the consideration,—

" .... The defendant (appellant) on said date paid to the plaintiffs (respondents) the sum of $1,700, and thereupon represented to the plaintiffs .... that he .... had sold his farm .... to one David Roderick and his wife Elizabeth Roderick, and in payment for said farm had taken from said Rodericks certain instalment notes, and that said notes were secured by the said .... farm, and that said farm was back of said notes and was adequate security for them; .... that he, the said defendant, would transfer

to plaintiffs one of said instalment notes, to wit: the one for $1150, bearing interest at 8% and due Nov. 1919, signed by the said Rodericks and indorsed by the defendant without recourse, for the balance due the plaintiffs for the purchase price of their lands described. . . . . ''

The complaint further alleged that respondents had demanded payment of the Roderick note, and payment had been refused; that thereupon they had demanded of the appellant the security which appellant represented was back of the note, and appellant had refused to turn over any security whatever or to pay the note or any part thereof; that the sum of $1,150 was wholly unsecured, except by the vendor's lien claimed by respondents; that the representations made by the appellant were not true, in that the appellant and the Rodericks had an executory contract only in reference to the sale and purchase of the farm; that, upon default of the Rodericks to pay their instalments, the possession of the farm reverted to the appellant; that he was in possession and the owner thereof; and that "the same is not and at no time has been as represented by said defendant, security for the said note herein described." The complaint further alleged that the appellant and the Rodericks elected to rescind the executory contract; that appellant repossessed the land; that the Roderick note had no security back of it as represented by appellant; that the Rodericks were unable and refused to pay said note; that the appellant refused to pay the amount thereof on the purchase price; and that the appellant "refuses to pay the plaintiffs the balance due on the premises aforesaid, to wit: the sum of $1150 together with interest thereon from Feb. 8th, 1919."

A demurrer to this complaint was overruled. Respondents were thereupon permitted to amend the complaint by adding a further allegation of representation made by appellant, "that the said Rodericks were also financially able to pay said notes from resources other than the . . . . farm," and alleging that this representation was false; and further amending to allege that the representations made by appellant were false and known by appellant to be false, and made by him

with the intention of deceiving and misleading respondents, and of inducing them to accept the note indorsed without recourse, and that respondents believed these representations and accepted the note, indorsed without recourse, in reliance thereon; and further amending to allege that they "hereby surrender and turn into court" the note, instead of the former allegation that they "will turn into court" the note. This amendment was objected to and error is assigned in permitting it, upon the ground that fraud had not been theretofore pleaded, and that the amendment changed the character of the action. The court did not commit error in permitting the amendment. The amendment did not change the character of the cause of action. Fraud had been perhaps inartfully or insufficiently pleaded in the original complaint, but the amendment simply added other elements of fraud alleged. It effected, in its general character, no change in the grounds alleged for relief, and did not change the cause of action.

The appellant then renewed his demurrer to the amended complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action. The appellant assigns as error the overruling of the demurrer. One of the contentions of appellant is that the action of the respondents constitutes an attempted partial rescission of the contract induced by fraud, and an attempt to recover the amount thereof without total rescission and placing the appellant *in statu quo.* The complaint specifically alleges a sale for a specified price, the sum of $2,850, and a payment of $1,700, and that the appellant agreed to transfer the note of $1,150 in question for the balance due respondents on the purchase price of their lands. This is not an action to rescind the contract, but to enforce payment of the balance of the purchase price. Including the allegations of fraud, which we hold sufficient, the complaint is sufficient to sustain an action for recovery of the purchase price, and to enforce a vendor's lien for the balance of the purchase price unpaid and unsecured. (*Rhodes v. Arthur,* 19 Okl. 520, 92 Pac. 244; *Gee v. McMillan,* 14 Or. 268, 58 Am. Rep. 315,

12 Pac. 417; *Williamson v. Woten,* 132 Ind. 202, 31 N. E. 791.)

Appellant also contends that, by accepting the Roderick note, respondents waived any vendor's lien.

C. S., sec. 6408, provides as follows:

"One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer."

A vendor's lien is not lost by acceptance of securities that have no legal validity. (*Gilbert v. Bakes,* 106 Ind. 558, 7 N. E. 257.) The acceptance of a forged mortgage does not waive an implied vendor's lien. (39 Cyc. 1840.) The law will not imply a waiver of a vendor's lien when the waiver, if implied, was induced by fraud of the vendee. (*Franklin v. Walker,* 171 Ill. 405, 49 N. E. 556; *Jones v. Wolfe* (Tenn. Ch. App.), 42 S. W. 216.)

A vendor's lien is presumed to exist, and is an incident to the transaction and sale, unless the intention of the vendor that it shall not exist is clearly manifested by his acts or declarations, and the burden of proof is on the purchaser to show such intention. (*Finnell v. Finnell,* 156 Cal. 589, 134 Am. St. 143, 105 Pac. 740; *Selna v. Selna,* 125 Cal. 357, 73 Am. St. 47, 58 Pac. 16; 2 Jones on Liens, 3d ed., p. 11, sec. 1064. See, also, *Fisher v. Shropshire,* 147 U. S. 133, 13 Sup. Ct. 201, 37 L. ed. 109.)

Appellant will not be heard in equity to claim that a vendor's lien, which exists for the balance of the purchase price which remains unpaid and unsecured otherwise than by the personal obligation of the buyer, was waived or ceased to exist because the vendee by fraud induced the vendor to accept as payment that which did not at all pay the purchase price, or to accept as security that which was not security. (*Nysewander v. Lowman,* 124 Ind. 584, 24 N. E. 355.) When a fraud is committed, the vendor will not lose his lien on the estate sold for such part of the purchase money as remains unpaid by reason of the fraud. (*Tobey v. McAllister,* 9 Wis. 463. See, also, *McCoy v. Mc-*

*Coy,* 32 Ind. App. 38, 102 Am. St. 223, 69 N. E. 193; *Brown v. Byam,* 65 Iowa, 374, 21 N. W. 684; *Fouch v. Wilson,* 60 Ind. 64, 28 Am. Rep. 651; *Jones v. Wolfe, supra.*)

The trial court found in favor of respondents upon the issues tendered, and that the fraud in the particulars alleged had been established. Where there is a substantial conflict in the evidence, and the evidence is sufficient to sustain the findings, the judgment will not be reversed on that ground. (*Syster v. Hazzard,* 39 Ida. 580, 229 Pac. 1110; *Olson v. Caufield,* 32 Ida. 308, 182 Pac. 527.)

Appellant contends that the action of respondents is barred by the statute of limitations. The sale was made February 8, 1919. The note in controversy did not become due until November, 1919. This action was commenced in the month of June, 1922. There is nothing in the evidence to establish that the respondents discovered the fraud committed prior to November, 1919, or that they had any knowledge of facts more than three years prior to the commencement of the action, which would put them upon inquiry and result in their discovery of the fraud. Treated as an action to enforce a vendor's lien, the statute of limitations would not run against the cause of action until the debt itself for the purchase price was barred, a period in this instance of not less than four years after the sale was consummated.

Appellant's assignments of error numbered 6, 7 and 8 are not sufficiently definite to bring to the court any question for determination. As to assignment No. 5, the only objection stated is that the conversations complained of were subsequent to the time of the indorsement of the $1,150 note and the delivery of the deed. No questions or answers, or objections to specific questions or answers, are set forth. This court cannot search the record upon assignments of error as to "conversations," when it is apparent that portions of the conversations were admissible, and no particular point is made of any question or answer by specific assignment of error as to any such question or answer.

Appellant's assignment that the evidence was incompetent and insufficient to show that respondents used due or any diligence in prosecuting for payment or collection the Roderick note, or in demanding payment from the appellant or the Rodericks, is answered by the finding of fraud and that the note was of no value and that the Rodericks were wholly unable to pay as represented, making demand or prosecution a useless procedure. If it was worthless, diligence would not have given it any value. Respondents are shown by the evidence to have demanded payment from appellant, which was refused. What was done by appellant in rescinding the Roderick contract was not necessary to be shown, except supporting by inference the proof that appellant's representations were false and fraudulent when made.

The judgment is affirmed. Costs to respondents.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.

Budge, J., dissents.